UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>DESIDERIO MASONRY, INC,<br>　　　　　　Defendant. | C.A. No. |

---

**VERIFIED COMPLAINT TO COMPEL AN AUDIT
AND FOR DELINQUENT CONTRIBUTIONS**

1.　This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to submit to an audit as required by the terms of a collective bargaining agreement and the plans and to pay any and all contributions determined through the audit to be due.

2.　The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.     Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund.  The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.     Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund.  The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.     Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund.  The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.     Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund.  The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. Plaintiff Joseph Bonfiglio is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Desiderio Masonry, Inc. ("Desiderio") and the Massachusetts Laborers' District Council ("Union").

9. Defendant Desiderio is a voluntarily dissolved Massachusetts corporation with a principal place of business at 16 Stewart Road, North Reading, Massachusetts and is, or was, an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about December 18, 2001, Desiderio agreed in writing to be bound to the terms of the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A true and accurate copy of Desiderio's signed Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

11. Because of the Acceptance of Agreements, Desiderio is party to the Building and Site Construction Agreement between the Union and the Associated General Contractors

Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (the "CBA"), as well as the collective bargaining agreements between the Union and the …General Contractors' Association of Pittsfield, Massachusetts, Inc. and between the Union and the Construction Industries Association of Western Massachusetts, Inc. All of the agreements' terms that are relevant to this case are materially the same as those contained in the CBA. A copy of the relevant pages of the 2012 - 2016 CBA is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein. See Ex. B, pp. 25-30, 49.

13. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 21-23, 26-27, 31-33. The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

14. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency. See Ex. B, pp. 34-35.

15. Signatory contractors such as Desiderio are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records. Id.

16. The payroll audit, whereby the Funds' auditor reviews pertinent employment and payroll records of the signatory contractor for a given period of time, is necessary to accurately establish the correct payments to be made by the contractor and the correct hours upon which fringe benefit contributions should be based. The payroll audit is the most reliable means of fully liquidating any amounts owed the Funds, or conversely, deducing that no hours were worked during a given period of time or that a contractor overpaid its contributions to the Funds.

17. A payroll audit is not just the most reliable means – but the only means – of ensuring that the Funds have fully liquidated any amounts owed for a given period of time.

18. Desiderio has failed to agree to repeated requests, made by the Funds and their counsel, to submit to an audit.

## COUNT I - VIOLATION OF ERISA - AUDIT REFUSAL

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above.

20. The failure of Desiderio to permit an audit of all of its relevant payroll records violates its obligations under §515 of ERISA, 29 U.S.C. §1145.

21. Absent an order from this Court, Desiderio will continue to refuse an audit of its payroll records and the Funds and their participants will, or may, depending on the results of the audit, be irreparably harmed.

22.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - AUDIT REFUSAL

23.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above.

24.     The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

25.     The failure of Desiderio to submit to an audit violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief on Counts I and II:

a.     Order Desiderio to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

b.     Enter a preliminary and permanent injunction enjoining Desiderio from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

c.     Enter a judgment in favor of Plaintiff Funds, and against Desiderio, in the amount determined to be due to the Funds after the audit has been completed together with interest, liquidated damages and attorneys' fees, and any other amounts that may come due during the

pendency of this action, all pursuant to ERISA, 29 U.S.C. §1132(g), and the LMRA, 29 U.S.C. §185; and

    d.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

BARRY C. McANARNEY, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al.*,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Alexander Sugerman-Brozan, Esquire
BBO #650980
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208, Ext. 232
asills@segalroitman.com

Dated: May 18, 2016

## VERIFICATION

I, James V. Morgan, Assistant Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 18th DAY OF MAY, 2016.

/s/ James V. Morgan
James V. Morgan

ARS/ars&ts
6306 16-216/complt.doc